**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **JENNIFER BARTIE, OBO HER DECEASED SON, JAVON KENNERSON** | **CIVIL ACTION NO. 21-CV-4074** |
| **VS.** | **JUDGE DRELL** |
| **LASALLE CORRECTIONS, LLC, ET AL** | **MAGISTRATE PEREZ-MONTES** |

_____

**ANSWER AND AFFIRMATIVE DEFENSES TO**
**PLAINTIFF'S SECOND AMENDED COMPLAINT**
_____

**NOW INTO COURT,** through undersigned counsel come defendants, the Louisiana Department of Public Safety & Corrections (the "DPSC"), James LeBlanc, Blake LeBlanc, Ashli Oliveaux ("Oliveaux"), Selena Holmes ("Holmes"), Clara Hodas ("Hodas"), and Lillie Brown ("Brown") (collectively the "Defendants") who, in answer to Jennifer Bartie's, on behalf of her son Javon Kennerson, (the "Plaintiff"), Second Amended Complaint (the "Amended Complaint") respectfully represent, as follows:

1.

The allegations of paragraph 1 of the Amended Complaint require no response from the Defendants; however, to the extent the Plaintiff is alleging the Defendants are liable to the Plaintiff in any way, the allegations are denied.

2.

The allegations of Paragraph 2 of the Amended Complaint are denied.

1

3.

The allegations of paragraph 3 of the Amended Complaint are denied.

4.

The allegations of paragraph 4 of the Amended Complaint are denied for lack of

sufficient information to justify a belief therein.

5.

The allegations of paragraph 5 of the Amended Complaint are denied for lack of

sufficient information to justify a belief therein.

6.

The allegations of paragraph 6 of the Amended Complaint are denied, as written.

7.

The allegations of paragraph 7 of the Amended Complaint do not require a response from

the Defendants; however, to the extent an answer is required, the Defendants show, the Plaintiff

is not entitled to any relief, in any form from the Defendants, in any manner.

8.

The allegations of paragraph 8 of the Amended Complaint are denied, as written.

9.

The allegations of paragraph 9 of the Amended Complaint are admitted.

10.

The allegations of paragraph 10 of the Amended Complaint do not require a response

from the Defendants; however, to the extent an answer is required, the Defendants show the

Plaintiff is not entitled to relief from the Defendants in any form or manner, whatsoever.  Further

answering paragraph 10 of the Amended Complaint, the DPSC shows, this court does not have

jurisdiction over the DPSC due to the doctrine of sovereign immunity.

11.

The allegations of paragraph 11 of the Amended Complaint are denied.

12.

The allegations of paragraph 12 of the Amended Complaint are denied for lack of sufficient information to justify a belief, therein, as to correctional facilities in other locations other than the instant correctional facility in Catahoula Parish.  Further answering, the Defendants deny the allegations of paragraph 12 of the Amended Complaint as to the Catahoula Correctional Center.

13.

The allegations of paragraph 13 of the Amended Complaint are denied for lack of sufficient information to justify a belief, therein, as to correctional facilities in other locations other than the instant correctional facility in Catahoula Parish.  Further answering, the Defendants deny the allegations of paragraph 13 of the Amended Complaint as to the Catahoula Correctional Center.

14.

The allegations of paragraph 14 of the Amended Complaint are denied for lack of sufficient information to justify a belief, therein, as to correctional facilities in other locations other than the instant correctional facility in Catahoula Parish.  Further answering, the Defendants deny the allegations of paragraph 14 of the Amended Complaint as to the Catahoula Correctional Center.

15.

The allegations of Paragraph 15 of the Amended Complaint are denied.

16.

The allegations of Paragraph 16 of the Amended Complaint are denied.

17.

The allegations of Paragraph 17 of the Amended Complaint are denied, as written.

18.

The allegations of Paragraph 18 of the Amended Complaint are denied for lack of sufficient information to justify a belief, therein.

19.

The allegations of Paragraph 19 of the Amended Complaint are denied for lack of sufficient information to justify a belief, therein.

20.

The allegations of paragraph 20 of the Amended Complaint are denied for lack of sufficient information to justify a belief, therein.

21.

The allegations of paragraph 21 of the Amended Complaint are denied as to items (b) through (h) for lack of sufficient information to justify a belief, therein.  Further answering, the allegation of paragraph 21 (a) of the Amended Complaint are denied, as written.

22.

The allegations of paragraph 23 (a)(c), and (d) of the Amended Complaint are denied for lack of sufficient information to justify a belief, therein.  Further answering, the allegations in paragraph 23(b) of the Amended Complaint are denied, as written.

23.

Paragraph 23 of the Amended Complaint is missing; as a result, the Defendants are unable to deny or admit any missing allegations.

24.

The allegations of paragraph 24 of the Amended Complaint are denied.

25.

The allegations of paragraph 25 of the Amended Complaint are denied as to the Catahoula Correctional Center.  Further answering, the remaining allegations of paragraph 25 of the Amended Complaint are denied for lack of sufficient information to justify a belief, therein.

26.

The allegations of paragraph 26 of the Amended Complaint are denied.

27.

The allegations of paragraph 27 of the Amended Complaint are denied, as written.

28.

The allegations of paragraph 28 of the Amended Complaint are denied, as written.

29.

The allegations of paragraph 29 of the Amended Complaint are denied.

30.

The allegations of paragraph 30 of the Amended Complaint are denied.

31.

The allegations of paragraph 31 of the Amended Complaint are denied.

32.

The allegations of paragraph 32 of the Amended Complaint are denied.

33.

The allegations of paragraph 33 of the Amended Complaint are denied.

34.

The allegations of paragraph 34 of the Amended Complaint are denied, as written.

35.

The allegations of paragraph 35 of the Amended Complaint are denied for lack of sufficient information to justify a belief, therein.

36.

The allegations of paragraph 36 of the Amended Complaint are denied, as written.

37.

The allegations of paragraph 37 of the Amended Complaint are denied, as written.

38.

The allegations of paragraph 38 of the Amended Complaint are denied, as written.

39.

The allegations of paragraph 39 of the Amended Complaint are denied, as written.

40.

The allegations of paragraph 40 of the Amended Complaint are denied for lack of sufficient information to justify a belief, therein.

41.

The allegations of paragraph 41 of the Amended Complaint are denied, as written.

42.

The allegations of paragraph 42 of the Amended Complaint are denied, as written.

43.

The allegations of paragraph 43 of the Amended Complaint are denied.

44.

The allegations of paragraph 44 of the Amended Complaint are denied, as written.

45.

The allegations of paragraph 45 of the Amended Complaint are denied, as written.

46.

The allegations of paragraph 46 of the Amended Complaint are admitted.

47.

The allegations of paragraph 47 of the Amended Complaint are denied, as written.

48.

The allegations of paragraph 48 of the Amended Complaint are denied, as written.

49.

The allegations of paragraph 49 of the Amended Complaint are denied, as written.

50.

The allegations of paragraph 50 of the Amended Complaint are denied, as written.

51.

The allegations of paragraph 51 of the Amended Complaint are denied.

52.

The allegations of paragraph 52 of the Amended Complaint are denied, as written.

7

53.

The allegations of paragraph 54 of the Amended Complaint are denied, as written.

54.

The allegations of paragraph 55 of the Amended Complaint are denied, as written.

55.

The allegations of paragraph 56 of the Amended Complaint are denied, as written.

56.

The allegations of paragraph 57 of the Amended Complaint are denied for lack of

sufficient information to justify a belief, therein.

57.

The allegations of paragraph 58 of the Amended Complaint are denied for lack of

sufficient information to justify a belief, therein.

58.

The allegations of paragraph 59 of the Amended Complaint are denied for lack of

sufficient information to justify a belief, therein.

59.

The allegations of paragraph 60 of the Amended Complaint are denied for lack of

sufficient information to justify a belief, therein.

60.

The allegations of paragraph 60 of the Amended Complaint are denied, as written.

61.

The allegations of paragraph 61 of the Amended Complaint are denied for lack of

sufficient information to justify a belief, therein.

62.

The allegations of paragraph 62 of the Amended Complaint are denied for lack of sufficient information to justify a belief, therein.

63.

The allegations of paragraph 63 of the Amended Complaint are denied, as written.

64.

The allegations of paragraph 64 of the Amended Complaint are denied for lack of sufficient information to justify a belief, therein.

65.

The allegations of paragraph 65 of the Amended Complaint are denied, as written.

66.

The allegations of paragraph 66 of the Amended Complaint are denied for lack of sufficient information to justify a belief, therein.

67.

The allegations of paragraph 67 of the Amended Complaint are denied for lack of sufficient information to justify a belief, therein.

68.

The allegations of paragraph 68 of the Amended Complaint are denied, as written.

69.

The allegations of paragraph 69 of the Amended Complaint are denied for lack of sufficient information to justify a belief, therein.

70.

The allegations of paragraph 70 of the Amended Complaint are denied, as written.

71.

The allegations of paragraph 71 of the Amended Complaint are denied, as written.

72.

The allegations of paragraph 72 of the Amended Complaint are denied.

73.

The allegations of paragraph 73 of the Amended Complaint are denied.

74.

The allegations of paragraph 74 of the Amended Complaint are denied.

75.

The allegations of paragraph 75 of the Amended Complaint are denied.

76.

The allegations of paragraph 76 of the Amended Complaint are denied.

77.

The allegations of paragraph 77 of the Amended Complaint are denied.

78.

The allegations of paragraph 78 of the Amended Complaint are denied.

79.

The allegations of paragraph 79 of the Amended Complaint are denied.

80.

The allegations of paragraph 80 of the Amended Complaint are denied.

81.

The allegations of paragraph 81 of the Amended Complaint are denied.

82.

The allegations of paragraph 82 of the Amended Complaint are denied, as written.

83.

The allegations of paragraph 83 of the Amended Complaint relating to other named

defendants other than the Defendants answering here, are denied for lack of sufficient

information to justify a belief, therein.  Further answering, the allegations of paragraph 83 of the

Amended Complaint are admitted as to the instant Defendants.

84.

The allegations of paragraph 84 of the Amended Complaint are denied.

85.

The allegations of paragraph 85 of the Amended Complaint are denied.

2nd paragraph 85.

The allegations of the second paragraph 85 on page 27 of the Amended Complaint are

denied.

86.

The allegations of paragraph 86 of the Amended Complaint are denied.

87.

The allegations of paragraph 87 of the Amended Complaint are denied.

11

88.

The allegations of the first sentence of paragraph 88 of the Amended Complaint are denied.  Further answering, the allegations of the second sentence of paragraph 88 of the Amended Complaint are admitted as to the instant Defendants; the third sentence of paragraph 88 of the Amended Complaint are denied.

89.

The allegations of paragraph 89 of the Amended Complaint are denied.

90.

The allegations of the first sentence of paragraph 90 of the Amended Complaint are admitted.  Further answering, the allegations of the second sentence of paragraph 90 of the Amended Complaint are denied.

91.

The allegations of paragraph 91 of the Amended Complaint are denied.

92.

The allegations of paragraph 92 of the Amended Complaint are denied.

93.

The allegations of paragraph 93 of the Amended Complaint are denied, as written.

94.

The allegations of paragraph 94 of the Amended Complaint are denied.

95.

The allegations of paragraph 95 of the Amended Complaint are denied.

96.

The allegations of paragraph 96 of the Amended Complaint are denied.

97.

The allegations of paragraph 97 of the Amended Complaint are denied.

98.

The allegations of paragraph 98 of the Amended Complaint are denied.

99.

The allegations of paragraph 99 of the Amended Complaint are denied.

100.

The allegations of paragraph 100 of the Amended Complaint are denied.

101.

The allegations of paragraph 101 of the Amended Complaint are denied.

102.

The allegations of paragraph 102 of the Amended Complaint are denied.

103.

The allegations of paragraph 103 of the Amended Complaint are denied for lack of sufficient information to justify a belief, therein.

104.

The allegations of paragraph 104 of the Amended Complaint are denied.

105.

The allegations of paragraph 105 of the Amended Complaint are denied.

106.

The allegations of paragraph 106 of the Amended Complaint are denied, as written.

107.

The allegations of paragraph 107 of the Amended Complaint are denied.

108.

The allegations of paragraph 108 of the Amended Complaint are denied.

109.

The allegations of paragraph 109 of the Amended Complaint are denied.

110.

The allegations of the first sentence of paragraph 110 of the Amended Complaint are denied.  Further answering, second and third sentences of paragraph 110 of the Amended Complaint are denied, as written.  The remaining sentences of paragraph 110 of the Amended Complaint are denied.

111.

The allegations of paragraph 111 of the Amended Complaint are denied, as written.

112.

The allegation of the first sentence of paragraph 112 of the Amended Complaint are admitted.  Further answering, the remaining sentences of paragraph 112 of the Amended Complaint are denied.

113.

The first sentence of paragraph 113 of the Amended Complaint is denied, as written. Further answering, the remaining sentences of paragraph 113 of the Amended Complaint are denied.

114.

The allegations of paragraph 114 of the Amended Complaint are denied.

115.

The allegations in the "Prayer for Relief" of the Amended Complaint do not require a response from the Defendants; to the extent, however, an answer is required, the Defendants show the Plaintiff is not entitled to any relief, in any manner, whatsoever.

**NOW, FURTHER ANSWERING AND ASSERTING AFFIRMATIVE DEFENSES, THE DEFENDANTS AVER, AS FOLLOWS:**

First Defense

With respect to one or all of Plaintiff's claims against the Defendants, Plaintiff has failed to state a claim upon which relief can be granted.

Second Defense

The Complaint fails to state a claim against the Defendants because the Defendants were never deliberately indifferent to the Javon Kennerson's ("Kennerson") medical condition or/or medical needs.

Third Defense

The Complaint fails to state a claim against the Defendants as the Defendants always treated and/or otherwise acted toward Kennerson in a fair, property manner, without any harmful act, motive, intent or effect and without regard to Kennerson's medical condition. The Defendants aver, they exercised reasonable care and diligence for and toward Kennerson.

Fourth Defense

Some or all of the Plaintiff's claims and/or some or all of the relief requested in the Complaint are barred by the doctrine of waiver and/or estoppel.

<u>Fifth Defense</u>

Some or all of Plaintiff's claims and/or or some or all of the relief requested in the

Complaint are barred by the doctrines of prescription, statute of limitations, and/or failure to

exhaust administrative prerequisites and/or remedies and/or notice requirements.

<u>Sixth Defense</u>

The Plaintiff fails to state a cause of action against and the Court lacks subject matter

jurisdiction over or otherwise against the DPSC under the doctrine of sovereign immunity.

<u>Seventh Defense</u>

The Plaintiff lacks the procedural capacity to represent Mr. Kennerson.

<u>Eighth Defense</u>

The Court lacks subject matter jurisdiction over Plaintiff's official-capacity claims

against the individually-named state defendants: James LeBlanc, Blake LeBlanc, Oliveaux,

Holmes, Hodas, and Brown.

<u>Ninth Defense</u>

Any individual capacity claims against the individually-named state defendants for

violations of the ADA fail to state a cause of action because there is no individual liability under

the ADA.

<u>Tenth Defense</u>

The Defendants also plead set-off, good faith and lack of liability under <u>Monell v.</u>

<u>Department of Social Services</u>, 436 U.S. 658 (1976).

<u>Eleventh Defense</u>

The Defendants also plead Plaintiff should not recover any payments resulting from pre-

existing or subsequent conditions not related to the incident alleged in the Amended Complaint.

## Twelfth Defense

Any damages allegedly suffered by the Kennerson were caused by Kennerson, himself, and Kennerson's own, improper conduct and/or other acts of Kennerson's own fault in causing or exacerbating his medical condition make Kennerson comparatively, at fault.

## Thirteenth Defense

The Defendants aver the Plaintiff's suit is frivolous under 42 U.S. C. § 1983, thereby entitling the Defendants under 42 U.S. C. § 1988 to their attorney fees, expert fees and costs.

## Fourteenth Defense

The Defendants plead the limitation on legal interest and court costs in accordance with La. R. S. 13:5112 as to any specific state law claims.

## Fifteenth Defense

To the extent, Plaintiff seeks punitive damages against the Defendants, such a claim fails as a matter of law.

## Sixteenth Defense

To the extent, Plaintiff is bringing claims against Nurse Finley in his individual capacity, Nurse Finley is entitled to qualified immunity.

## Seventeenth Defense

If Kennerson and/or Plaintiff sustained any damages in the manner alleged in the Amended Complaint, which the Defendants expressly deny, such damages were caused partially or solely by the negligence, fault, and/or want of care of third parties for whom the Defendants are not responsible, which negligence, fault, or want of care should bar or reduce any recovery against the Defendants.

17

Eighteenth Defense

If Kennerson or Plaintiff sustained any damages whatsoever in the manner alleged in the Amended Complaint, which the Defendants expressly deny, any such damages occurred solely through the negligence, fault, and/or want of care of Kennerson, which should bar any recovery against the Defendants.

Nineteenth Defense

If the Defendants are found liable for Kennerson's or Plaintiff's alleged damages, which liability the Defendants expressly deny, then any liability should be barred and/or appropriately reduced by the negligence and fault of Kennerson.

Twentieth Defense

The Defendants named in their individual capacities plead absolute, discretionary and/or qualified immunity from liability.

Twenty-First Defense

The Defendants plead a credit or set-off for any liability of any kind and from all other defendants or potential defendants in this mater as of the date of judgment and with regard to any and all insurance proceeds collectible as a result of that liability.

Twenty-Second Defense

The Defendants aver, neither Kennerson nor Plaintiff should recover any payments for alleged injuries or damages, which resulted from Kennerson's pre-existing or subsequent conditions and which were not proximately caused by the alleged accident or condition described in the Amended Complaint.

### Twenty-Third Defense

The Defendants aver, Plaintiff has no right to recover for any amounts written off or contractually adjusted by any health care provider because of the health care provider's receipt of Medicare of Medicaid payments for Kennerson's medical treatment or because of attorney negotiation.

### Twenty-Fourth Defense

Plaintiff has no right of action to recover any amounts of Kennerson's medical treatment paid by Medicare or Medicaid, as the rights to recover those payments have been assigned by them and by operation of law to Medicare and/or Medicaid.

### Twenty-Fifth Defense

Defendants further show that at all times referred to in the Amended Complaint there existed a state of public health emergency.  Insofar as Plaintiff's allegations are or may be based on failure to render proper medical care to Kennerson, Defendants specifically plead the affirmative defenses set forth in La. R.S. 29:771 and/or La. R.S. 29:735, to the extent applicable.

### Twenty-Sixth Defense

The Defendants reserve the right to assert additional affirmative defenses as may appear applicable during the course of this litigation.

**WHEREFORE**, THE DEFENDANTS PRAY this Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint be deemed good and sufficient and, after due proceedings be had, the Court find for the Defendants, dismissing Plaintiff's claims with prejudice at Plaintiff's cost and reasonable attorneys' fees.

Respectfully Submitted:

**JEFF LANDRY**
**ATTORNEY GENERAL**

By: /s/ Steven M. Oxenhandler (#28405)
*Special Assistant Attorney General*
Michael S. O'Shee (#10268)
*Special Assistant Attorney General*
M. Allison Johnson (#35850)
*Special Assistant Attorney General*
2001 MacArthur Dr.
Alexandria, LA 71301
(Tel): 318-445-6471/(Fax): 318-445-6476
Email: soxenhandler@goldweems.com
Email: moshee@goldweems.com
Email: ajohnson@goldweems.com

**ATTORNEYS FOR THE LOUISIANA**
**DEPARTMENT OF PUBLIC SAFETY AND**
**CORRECTIONS, JAMES LEBLANC, BLAKE**
**LEBLANC, ASHLI OLIVEAUX, SELENA**
**HOLMES, CLARA HODAS, AND LILLIE**
**BROWN**