UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

JENNIFER BARTIE o/b/o
HER DECEASED SON JAVON          CASE NUMBER 1:21-CV-4074
KENNERSON,

     Plaintiff,

                                 JURY TRIAL DEMANDED

VERSUS

LASALLE CORRECTIONS, L.L.C.,
LOUISIANA DEPARTMENT OF PUBLIC
SAFETY AND CORRECTIONS,
SECRETARY JAMES M. LEBLANC,
CATAHOULA CORRECTIONAL
CENTER, SHERIFF TONEY EDWARDS
SHERMAN FORD, JEREMY WILEY,
BEN ADAMS, RANDY STOCKMAN,
BLAKE LEBLANC, PAT BOOK,
WARDEN SHERMAN FORD, WARDEN
JEREMY WILEY, ASST. WARDEN ERIC
STOTT, CLARA HODAS, LILLIE BROWN,
ASHLI OLIVEAUX, SELENA HOLMES,
JOHN DOE #1, JOHN DOE #2, JOHN DOE
#3, JOHN DOE #4, JOHN DOE #5, JOHN
DOE #6, JOHN DOE #7, JOHN DOE #8,
JOHN DOE #9, JOHN DOE #10, ABC
INSURANCE COMPANY, XYZ
INSURANCE COMPANY, RST
INSURANCE COMPANY.

     Defendants.
***************************************************************************

## ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT BY SHERIFF TONEY EDWARDS, RANDY STOCKMAN, BEN ADAMS, AND JEREMY WILEY

**NOW INTO COURT**, through undersigned counsel, come Defendants, Sheriff Toney

Edwards, Randy Stockman, Ben Adams, and Jeremy Wiley (collectively, "Defendants"), which

respectfully submit this Answer denying the allegations of plaintiff, Jennifer Bartie, individually

and on behalf of her deceased son Javon Kennerson ("Plaintiff"), as set forth in their Original

1

Complaint and amended by the First and Second Amended Complaints, (collectively, "Complaint") in these proceedings, except those specifically admitted herein.

1.

The allegations of paragraph 1 of the Amended Complaint require no response from the Defendants; however, to the extent the Plaintiff is alleging the Defendants are liable to the Plaintiff in any way, the allegations are denied.

2.

The allegations of paragraph 2 of the Complaint are denied.

3.

The allegations of paragraph 3 of the Complaint are denied.

4.

The allegations of paragraph 4 of the Complaint are denied.

5.

The allegations of paragraph 5 of the Complaint are denied.

6.

The allegations of paragraph 6 of the Complaint are denied.

7.

The allegations of paragraph 7 of the Complaint are denied.

8.

The allegations of paragraph 8 of the Complaint are admitted.

9.

The allegations of paragraph 9 of the complaint contain legal conclusions which do not require an answer; however, out of an abundance of caution, the allegations are denied.

2

21054582.1

10.

The allegations of paragraph 10 of the Complaint concerning plaintiff Jennifer Bartie are denied for lack of information to justify a belief therein.

Except to admit that CCC was a private prison facility in Harrisonburg, Catahoula Parish at all times relevant, the allegations of paragraph 10.a) of the Complaint are denied.

The allegations of paragraph 10.b) of the Complaint are denied for lack of information sufficient to justify a belief therein.

The allegations of paragraph 10.c) of the Complaint are denied for lack of information sufficient to justify a belief therein.

The allegations of paragraph 10.d) of the Complaint are denied for lack of information sufficient to justify a belief therein.

The allegations of paragraph 10.e) of the Complaint are denied for lack of information sufficient to justify a belief therein.

The allegations of paragraph 10.f) of the Complaint are denied for lack of information sufficient to justify a belief therein.

Except to admit Sheriff Toney Edwards was Sheriff of Catahoula Parish, is a person of full age of majority and domiciled in Catahoula Parish, the remaining allegations of paragraph 10.g) of the Complaint call for a legal conclusion; however, out of an abundance of caution, they are denied.

The allegations of paragraph 10.h) of the Complaint are denied for lack of information sufficient to justify a belief therein.

Except to admit the allegations concerning status and domicile, the allegations of paragraph 10.i) of the Complaint are denied.

3

21054582.1

Except to admit the allegations concerning status and domicile, the allegations of paragraph 10.j) of the Complaint are denied.

Except to admit the allegations concerning status and domicile, the allegations of paragraph 10.k) of the Complaint are denied.

Except to admit the allegations concerning status and domicile, the allegations of paragraph 10.l) of the Complaint are denied.

Except to admit the allegations concerning status and domicile, the allegations of paragraph 10.m) of the Complaint are denied.

Except to admit the allegations concerning status and domicile, the allegations of paragraph 10.n) of the Complaint are denied.

The allegations of paragraph 10.o) of the Complaint are denied for lack of information sufficient to justify a belief therein.

The allegations of paragraph 10.p) of the Complaint are denied for lack of information sufficient to justify a belief therein.

The allegations of paragraph 10.q) of the Complaint are denied for lack of information sufficient to justify a belief therein.

The allegations of paragraph 10.r) of the Complaint are denied for lack of information sufficient to justify a belief therein.

The allegations of paragraph 10.s) of the Complaint are denied for lack of information sufficient to justify a belief therein.

The allegations of paragraph 10.t) of the Complaint are denied for lack of information sufficient to justify a belief therein.

21054582.1

The allegations of paragraph 10.u) of the Complaint are denied for lack of information sufficient to justify a belief therein.

The allegations of paragraph 10.v) of the Complaint are denied.

The allegations of paragraph 10.w) of the Complaint call for a legal conclusion, however, out of an abundance of caution, they are denied.

The allegations of paragraph 10.x) of the Complaint do not require an answer, however, out of an abundance of caution, they are denied.

11.

The allegations of paragraph 11 of the Complaint are denied for lack of sufficient information to justify a belief therein.

12.

The allegations of paragraph 12 of the Complaint are denied for lack of sufficient information to justify a belief therein.

13.

The allegations of paragraph 13 of the Complaint are denied for lack of sufficient information to justify a belief therein.

14.

The allegations of paragraph 14 of the Complaint are denied for lack of sufficient information to justify a belief therein.

15.

The allegations of paragraph 15 of the Complaint are denied for lack of sufficient information to justify a belief therein.

21054582.1

16.

The allegations of paragraph 16 of the Complaint are denied for lack of sufficient information to justify a belief therein.

17.

The allegations of paragraph 17 of the Complaint are denied for lack of sufficient information to justify a belief therein.

18.

The allegations of paragraph 18 of the Complaint, including all subparts, are denied for lack of sufficient information to justify a belief therein.

19.

The allegations of paragraph 19 of the Complaint are denied for lack of sufficient information to justify a belief therein.

20.

The allegations of paragraph 20 of the Complaint are denied for lack of sufficient information to justify a belief therein..

21.

Except to admit that Joplin Graham died at LaSalle's C.C.C. facility, the allegations contained in paragraph 21, including all subparts, are denied for lack of sufficient information to justify a belief therein.

22.

The allegations contained in paragraph 22, including all subparts, are denied for lack of sufficient information to justify a belief therein.

6

21054582.1

23.

There is no paragraph 23 of the Complaint.

24.

The allegations of paragraph 24 of the Complaint are denied.

25.

The allegations of paragraph 25 of the Complaint are denied for lack of sufficient information to justify a belief therein.

26.

The allegations of paragraph 26 of the Complaint are denied for lack of sufficient information to justify a belief therein.

27.

The allegations of paragraph 27 of the Complaint are denied for lack of sufficient information to justify a belief therein.

28.

The allegations of paragraph 28 of the Complaint are denied for lack of sufficient information to justify a belief therein.

29.

The allegations of paragraph 29 of the Complaint are denied.

30.

The allegations of paragraph 30 of the Complaint are denied.

31.

The allegations of paragraph 31 of the Complaint are denied.

7

21054582.1

32.

The allegations of paragraph 32 of the Complaint are denied.

33.

The allegations of paragraph 33 of the Complaint are denied.

34.

Except to admit that CCC is a private prison facility, the allegations of paragraph 34 of the Complaint are denied. Any contract concerning CCC is a written document that speaks for itself and is the best evidence of its content, including any terms and conditions thereof.

35.

Except to admit that the individuals identified in the allegations of paragraph 35 of the Complaint had varying degrees of association with CCC, and some of whom may have been employed by the Catahoula Parish Sherriff's Office and worked at CCC, the allegations are denied.

36.

The allegations of paragraph 36 of the Complaint are denied.

37.

The allegations of paragraph 37 of the Complaint are denied.

38.

The allegations of paragraph 38 of the Complaint are denied.

39.

The allegations of paragraph 39 of the Complaint are denied for lack of sufficient information to justify a belief therein.

40.

The allegations of paragraph 40 of the Complaint are denied.

8

21054582.1

41.

The allegations of paragraph 41 of the Complaint are admitted, except to deny that Kennerson died on December 27, 2020.

42.

For answer to the allegations of paragraph 42 of the Complaint it is for lack of sufficient information to justify a belief therein.

43.

The allegations of paragraph 43 of the Complaint are denied for lack of sufficient information to justify a belief therein.

44.

The allegations of paragraph 44 of the Complaint are denied for lack of sufficient information to justify a belief therein.

45.

The allegations of paragraph 45 of the Complaint are denied for lack of sufficient information to justify a belief therein.

46.

The allegations of paragraph 46 of the Complaint are denied for lack of sufficient information to justify a belief therein.

47.

The allegations of paragraph 47 of the Complaint are denied for lack of sufficient information to justify a belief therein.

9

21054582.1

48.

The allegations of paragraph 48 of the Complaint are denied for lack of sufficient information to justify a belief therein.

49.

The allegations of paragraph 49 of the Complaint are denied for lack of sufficient information to justify a belief therein.

50.

The allegations of paragraph 50 of the Complaint are denied for lack of sufficient information to justify a belief therein.

51.

The allegations of paragraph 51 of the Complaint are denied for lack of sufficient information to justify a belief therein.

52.

The allegations of paragraph 52 of the Complaint are denied for lack of sufficient information to justify a belief therein.

53.

The allegations of paragraph 53 of the Complaint are denied to the extent they are inconsistent with the written medical records concerning Kennerson. Such medical records are written document that speak for themselves and are the best evidence of their content, including any professional diagnoses and/or orders.

54.

The allegations of paragraph 54 of the Complaint are denied for lack of sufficient information to justify a belief therein.

10

21054582.1

55.

The allegations of paragraph 55 of the Complaint are denied for lack of sufficient information to justify a belief therein.

56.

The allegations of paragraph 56 of the Complaint are denied.

57.

The allegations of paragraph 57 of the Complaint are denied for lack of sufficient information to justify a belief therein.

58.

The allegations of paragraph 58 of the Complaint are denied for lack of sufficient information to justify a belief therein

59.

The allegations of paragraph 59 of the Complaint are denied for lack of sufficient information to justify a belief therein

60.

The allegations of paragraph 60 of the Complaint are denied for lack of sufficient information to justify a belief therein

61.

The allegations of paragraph 61 of the Complaint are denied for lack of sufficient information to justify a belief therein.

62.

The allegations of paragraph 62 of the Complaint are denied for lack of sufficient information to justify a belief therein.

11

21054582.1

63.

The allegations of paragraph 63 of the Complaint are denied for lack of sufficient information to justify a belief therein.

64.

The allegations of paragraph 64 of the Complaint are denied for lack of sufficient information sufficient to justify a belief therein.

65.

The allegations of paragraph 65 of the Complaint are denied for lack of sufficient information to justify a belief therein.

66.

The allegations of paragraph 66 of the Complaint are denied for lack of sufficient information to justify a belief therein.

67.

The allegations of paragraph 67 of the Complaint are denied for lack of sufficient information to justify a belief therein.

68.

The allegations of paragraph 68 of the Complaint are denied for lack of sufficient information to justify a belief therein.

69.

The allegations of paragraph 69 of the Complaint are denied for lack of sufficient information to justify a belief therein.

12

21054582.1

70.

The allegations of paragraph 70 of the Complaint are denied to the extent they are inconsistent with Kennerson's medical records and the professional observations contained therein. In further answer, Defendants deny giving Kennerson access to roach killer.

71.

Except to admit that Kennerson died on December 12, 2020, the allegations of paragraph 71 of the Complaint are denied.

72.

The allegations of paragraph 72 of the Complaint are denied.

73.

The allegations of paragraph 73 of the Complaint are denied.

74.

The allegations of paragraph 74 of the Complaint are denied.

75.

The allegations of paragraph 75 of the Complaint are denied.

76.

The allegations of paragraph 76 of the Complaint are denied.

77.

The allegations of paragraph 77 of the Complaint are denied.

78.

The allegations of paragraph 78 of the Complaint are denied.

79.

The allegations of paragraph 79 of the Complaint are denied.

80.

The allegations of paragraph 80 of the Complaint are denied.

81.

The allegations of paragraph 81 of the Complaint are denied.

82.

The allegations of paragraph 82 of the Complaint call for a legal conclusion; however, out of an abundance of caution, they are denied.

83.

The allegations of paragraph 83 of the Complaint call for a legal conclusion; however, out of an abundance of caution, they are denied.

84.

The allegations of paragraph 84 of the Complaint are denied.

85.

The allegations of paragraph 85 of the Complaint are denied.

86.

The allegations of paragraph 86 of the Complaint are denied.

87.

The allegations of paragraph 87 of the Complaint are denied.

88.

The allegations of paragraph 88 of the Complaint are denied.

89.

The allegations of paragraph 89 of the Complaint are denied.

21054582.1

90.

The allegations of paragraph 90 of the Complaint are denied.

91.

The allegations of paragraph 91 of the Complaint are denied.

92.

The allegations of paragraph 92 of the Complaint are denied.

93.

The allegations of paragraph 93 of the Complaint are denied.

94.

The allegations of paragraph 94 of the Complaint are denied.

95.

The allegations of paragraph 95 of the Complaint are denied.

96.

The allegations of paragraph 96 of the Complaint are denied.

97.

The allegations of paragraph 97 of the Complaint are denied.

98.

The allegations of paragraph 98 of the Complaint are denied.

99.

The allegations of paragraph 99 of the Complaint are denied.

100.

The allegations of paragraph 100 of the Complaint are denied.

15

21054582.1

101.

The allegations of paragraph 101 of the Complaint are denied.

102.

The allegations of paragraph 102 of the Complaint are denied for lack sufficient information to justify a belief therein.

103.

The allegations of paragraph 103 of the Complaint are denied for lack sufficient information to justify a belief therein.

104.

The allegations of paragraph 104 of the Complaint are denied.

105.

The allegations of paragraph 105 of the Complaint are denied for lack sufficient information to justify a belief therein.

106.

The allegations of paragraph 106 of the Complaint call for a legal conclusion; however, out of an abundance of caution, they are denied.

107.

The allegations of paragraph 107 of the Complaint are denied.

108.

The allegations of paragraph 108 of the Complaint are denied.

109.

The allegations of paragraph 109 of the Complaint are denied.

16

21054582.1

110.

The allegations of paragraph 110 of the Complaint are denied.

111.

The allegations of paragraph 111 of the Complaint call for a legal conclusion; however, out of an abundance of caution, they are denied.

112.

The allegations of paragraph 112 of the Complaint call for a legal conclusion; however, out of an abundance of caution, they are denied.

113.

The allegations of paragraph 113 of the Complaint call for a legal conclusion; however, out of an abundance of caution, they are denied.

114.

The allegations of paragraph 114 of the Complaint are denied.

115.

Defendants deny Plaintiffs' Prayer for Relief, including all subparts.

116.

Defendants generally deny all allegations in the Complaint except those specifically admitted herein.

## AFFIRMATIVE DEFENSES

**AND NOW FURTHER ANSWERING**, Defendants pleads the following affirmative defenses:

## FIRST DEFENSE

Plaintiffs have failed to state a cause of action against Defendants.

17

21054582.1

## SECOND DEFENSE

Defendants assert the affirmative defense of qualified ("good faith") immunity under Federal and/or Louisiana law with regard to any claim against them in their individual capacity because it did not violate any clearly established statutory or constitutional rights of which a reasonable person would have known when performing discretionary functions.

## THIRD DEFENSE

Defendants assert the affirmative defense of absolute immunity under Federal and/or Louisiana law which protects public officials in their individual capacity.

## FOURTH DEFENSE

Defendants assert the affirmative defense of sovereign and governmental immunity under Federal and/or Louisiana law which protects the States, their agencies, political subdivisions and officials from suit and liability.

## FIFTH DEFENSE

Defendants assert the affirmative defense of official immunity under Federal and/or Louisiana law which protects governmental employees from personal liability.

## SIXTH DEFENSE

Defendants cannot be held generally liable under a theory of *respondeat superior* or for the torts or constitutional violations of employees, subordinates or co-workers.

## SEVENTH DEFENSE

Defendants assert the affirmative defense of *Monell* municipal immunity because the Plaintiff cannot establish a deprivation of rights protected by the Constitution or Federal law that was inflicted pursuant to an official, municipal, county, or governmental policy. Defendants assert

18

21054582.1

that the Plaintiff cannot establish that any official's deliberate conduct was the "moving force" behind the injuries alleged. Therefore, Plaintiffs cannot establish a causal link between any actions and any deprivation of federal rights.

## EIGHTH DEFENSE

Defendants assert the affirmative defense of Kennerson's contributory negligence or comparative fault.

## NINTH DEFENSE

Plaintiff's damages, if any, were caused by the fault of others for whom Defendants are not responsible.

## TENTH DEFENSE

Kennerson's death was not caused by Defendants, but was caused by others for whom Defendants are not legally responsible, and/or resulted from natural causes.

## ELEVENTH DEFENSE

Plaintiff is not within the class of persons afforded a right of action under La. C.C. art 2315.1 or 2315.2, and/or plaintiff abandoned Kennerson during his minority and is deemed not to have survived him.

## TWELFTH DEFENSE

Defendants assert the defense of discretionary immunity under La. R.S. 9:2798.1.

## THIRTEENTH DEFENSE

Defendants plead the statutory limitation of liability, interest, and costs under La. R.S. 13:5106 and La. R.S. 13:5112, as well as any other statutory or jurisprudential limitation of liability applicable herein.

## FOURTEENTH DEFENSE

Defendants assert the affirmative defenses of res judicata and collateral estoppel

21054582.1

## FIFTEENTH DEFENSE

Defendants assert that any alleged injuries and damages were the result of a pre-existing and/or subsequently existing condition of Kennerson, and not the result of any act or omission on the part of Defendants.

## SIXTEENTH DEFENSE

Defendants assert that plaintiff is not a qualified individual under the Americans with Disability Act ("ADA"), 42 U.S.C. § 12010, et seq.

## SEVENTEENTH DEFENSE

Defendants assert that they are not subject to actions under the ADA, including by reason that they are not public entities within the meaning of the ADA.

## EIGHTEENTH DEFENSE

Defendants assert that plaintiff's claims are prescribed or otherwise time-barred.

## NINETEENTH DEFENSE

Upon subsequent investigation into the facts of this case, Defendants reserve the right to petition the Court for leave to amend their answer or affirmative defenses.

**WHEREFORE**, Defendants, Sheriff Toney Edwards, Randy Stockman, Ben Adams, and Jeremy Wiley, pray that their answer to Plaintiff's Complaint be deemed good and sufficient and, after due proceedings had, there be judgment herein in their favor and against plaintiff, Jennifer Bartie, individually and on behalf of her deceased son Javon Kennerson, dismissing the Complaint with prejudice, at plaintiff's cost, and for all other general and equitable relief.

20

21054582.1

Respectfully Submitted:

**MCGLINCHEY STAFFORD, PLLC**

*/s/M. Brent Hicks*
**M. BRENT HICKS**
Louisiana Bar Roll #23778
**BRAD M. BARBACK**
Louisiana Bar Roll #35642
301 Main Street, 14th Floor
Baton Rouge, Louisiana 70801
Telephone: (225) 383-9000
Facsimile:  (225) 343-3076
bhicks@mcglinchey.com
bbarback@mcglinchey.com

**AND**

**DEIRDRE C. MCGLINCHEY**
Louisiana Bar Roll #24167
McGLINCHEY STAFFORD
601 Poydras Street, 12th Floor
New Orleans, Louisiana 70130
Telephone (504) 586-1200
Facsimile   (504) 596-2800
dmcglinchey@mcglinchey.com

*Counsel for Defendants, Sheriff Toney Edwards, Randy Stockman, Ben Adams, and Jeremy Wiley*

21

21054582.1

## CERTIFICATE OF SERVICE

In accordance with the Western District of Louisiana's electronic filing procedures, I hereby certify that I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. A Notice of Electronic Filing will be sent by the Court to all counsel of record who have consented to email notification and electronic service. This document is available for viewing and downloading from the Court's ECF System. I hereby certify that if a party's counsel of record does not participate in Notice of Electronic Filing, I have served a copy on the party's counsel of record either by hand delivery, facsimile, electronic mail or placing same in the U.S. Mail, postage prepaid, on this 14th day of October, 2022.

*/s/M. Brent Hicks*
M. Brent Hicks

21054582.1